BOARD OF LEVEE COMMISSIONERS FOR YAZOO AND MISSISS-
IPPI DELTA *v.* OSCAR HOUSTON.

1. CONSTITUTIONAL LAW. *Constitution* 1890, *Section* 238. *Levee taxes.*
   *Privilege taxes.*

   Constitution 1890, sec. 238, prohibiting taxation for levee pur-
   poses of property situate between the Mississippi River and the
   levee, does not prevent the imposition of a privilege tax for levee
   purposes on a dramshop keeper whose licensed dramshop is be-
   tween the river and the levee.

2. SAME. *What property exempt.*

   Only real estate, or property having the qualities of real estate,
   situate between the Mississippi river and the levee is, by the con-
   stitution (sec. 238) made nontaxable for levee purposes.

3. SAME. *Laws* 1894, *p.* 78.

   The statute approved February 9, 1894 (Laws 1894, p. 78), imposing a
   privilege tax for levee purposes on various occupations and call-
   ing is constitutional and applicable to a licensed dramshop keeper
   whose dramshop is between the Mississippi river and the levee.

FROM the circuit court of Tunica county.

HON. SAMUEL C. COOK, Judge.

The Board of Levee Commissioners for Yazoo and Mississippi
Delta, appellant, was plaintiff in the court below; Houston (a
dramshop keeper), appellee, was defendant there. The suit
was an action for the privilege tax imposed for levee purposes
on liquor dealers by laws of 1894, p. 78. From a judgment
in defendant's favor the plaintiff appealed to the supreme court.
The facts are further stated in the opinion of the court.

*J. T. Lowe,* for appellant.

The act of 1894, p. 77, requiring each person selling vinous
and spirituous liquors in less quantities than one gallon, in the
levee district of appellant to pay $100 for the privilege and

right to do so, and the act of 1884, p. 141, and state constitution, sec. 228, declaring that all Tunica county is in said levee district settle the question beyond controversy, even though appellee's dramshop was situated between the levee and the Mississippi river. "When the constitution and the laws puts an entire county in a district for local taxation, the courts cannot legislate any part of it out of their operation." *Smith* v. *Willis*, 78 Miss., 243.

The said $100 imposed is not a tax on property within the scope and purview of the law on taxation, but is a privilege tax on the business of operating a dramshop, pure and simple. *Carter* v. *State*, 60 Miss., 456; *Folkes* v. *State*, 63 Miss., 81; *Pitts* v. *Vicksburg*, 72 Miss., 181; *Craig* v. *Pattison*, 74 Miss., 881; *Alcorn* v. *State*, 71 Miss., 464.

"Privilege taxes are not taxes on property, and consequently are not subject to constitutional restrictions upon the power to tax property; such for example that taxes shall be uniform and equal." 25 Am. & Eng. Ency. Law, 480; *Orton* v. *Brown*, 35 Miss., 426; *Board of Supervisors* v. *Sumner*, 51 Miss., 13; *State* v. *Philadelphia, etc., R. R. Co.*, 24 Am. Rep., 511; *Cait* v. *Society for Savings*, 6 Wall., 625, 630.

*F. A. Montgomery, Jr.*, for appellee.

Section 238 of the constitution of 1890 provides that no property situated between the levee and the Mississippi river shall be taxed for levee purposes, nor shall damages be paid to any owner of land so situated because of its being left outside of the levee.

The intention of the constitution is manifestly that property left outside of the protection of the levee shall not be taxed, because it is not protected. *Duncan* v. *Levee Commissioners*, 74 Miss., 125.

If the privilege tax sought to be collected in this suit is a tax on property, then there can be no doubt that the judgment of the circuit court in this case should be affirmed.

There is no dispute about the fact that the appellee's dram-shop was situated between the levee and the Mississippi river.

Our supreme court has, several times, recognized a privilege tax as a tax on property. *Vicksburg Bank* v. *Worrell*, 67 Miss., 47; *Bank of Oxford* v. *Town of Oxford*, 70 Miss., 504; *Attalla Co.* v. *Kelly*, 68 Miss., 40.

In case of a license to retail vinous and spirituous liquors there can be no doubt that the license itself is property, and that a tax on the license is a direct tax on property. *Reed* v. *Beall*, 42 Miss., 473; *Coulson* v. *Harris*, 43 Miss., 728; *Drysdale* v. *Pradat*, 45 Miss., 445; *Ex parte, Taylor*, 58 Miss., 478; *Railroad Co.* v. *State*, 62 Miss., 105.

TERRAL, J., delivered the opinion of the court.

Houston, under license granted by the board of supervisors of Tunica county, operated a dramshop in a building placed between the levee and the Mississippi river. Houston carried on his business for two years, but declined to pay annually a tax of $100, which ch. 78, acts 1894, imposed upon him for benefit of the Board of Levy Commissioners for the Yazoo and Mississippi Delta. The tax, now amounting to $400, being doubled annually because of nonpayment at the proper time, was resisted upon the ground that it was illegal under sec. 238 of the constitution, which provides that "no property situated between the levee and the Mississippi river shall be taxed for levee purposes." The court below sustained that contention, and the levee board appeals.

We are of the opinion that the exemption here insisted upon cannot be sustained. The property exempt from taxation by the levee board is properly situated—naturally situated—between the levee and the river. It includes, as we think, land and buildings thereon, for such property only comes within the designation. Though there might be personal property upon a plantation situated between the levee and the river, the personal property could not properly be said to be situated be-

tween the levee and the river.    To speak of personal property as situated or located upon a particular spot of ground seems incongruous, especially as to all live property.    The argument here most strongly made is that the license to retail liquor is a franchise, that a franchise is property, and hence comes within the letter of sec. 238 of the constitution.    But the idea of a *situs* to property affixed to it by the constitution seems to designate it as real estate or property having the qualities of real estate, and was not intended to include incorporeal, intangible property or rights of property not naturally incident to it, but affixed to it by the art of man, as a ferry right, or the right here considered of operating a dramshop.    We think the framers of the constitution did not intend to include within the meaning of the word "property," as used in sec. 238, any species of intangible property which are in nowise affected by the overflow of the river.

The license to keep the dramshop was granted by the board of supervisors of Tunica county, and would have been granted by them upon the same terms and conditions whether the building in which it was to be conducted was within or without the levee; and it is not reasonable to suppose that the choice of the building made by the owner in which to carry on his business should determine the question of exemption from taxation. For, if so, the taxation of the property is not determined by the lawmaking power, but by the dramshop keeper in the selection of the house in which to conduct his business.    That idea certainly could not have been in the mind of the framers of the constitution.

We think the exemption claimed is not maintainable, and the judgment of the circuit court is reversed and the case remanded.

*Reversed and remanded.*